NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
Case No. 2024-0500
Citation: State v. Huckins, 2025 N.H. 9

THE STATE OF NEW HAMPSHIRE

v.

JEFFREY NORMAN HUCKINS, JR.

Submitted: February 6, 2025
Opinion Issued: February 12, 2025

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Robert L. Baldridge, assistant attorney general, on the memorandum of law), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the memorandum of law, for the defendant.

PER CURIAM.

[¶1] The defendant, Jeffrey Norman Huckins, Jr., appeals a decision of the Superior Court (Leonard, J.) revoking an order of release pending trial for violating a condition of his release, and ordering his preventive detention. See RSA 597:2 (Supp. 2024) (amended 2024), :6-e, III (2001), :7-a (Supp. 2024) (amended 2024). On appeal, the defendant argues that the evidence was

insufficient to establish that he violated a condition of his release, or that he is unlikely to abide by any condition or combination of conditions of release so as to justify his preventive detention. We affirm.

[¶2] In a proceeding to revoke a defendant's pretrial order of release, the trial court "shall enter an order of revocation and detention" if, following a hearing, it

(a) Finds that there is:

(1) Probable cause to believe that the person has committed a federal, state, or local crime while on release; or

(2) Clear and convincing evidence that the person has violated any other condition of release or has violated a temporary or permanent protective order by conduct indicating a potential danger to another; and

(b) Finds that:

(1) There is no condition or combination of conditions of release that will assure that the person will not flee or that the person will not pose a danger to the safety of himself or any other person or the community; or

(2) The person is unlikely to abide by any condition or combination of conditions of release.

RSA 597:7-a, III. We review the trial court's decision for an unsustainable exercise of discretion. See State v. Spaulding, 172 N.H. 205, 207 (2019). When determining whether the trial court unsustainably exercised its discretion, we consider whether the record establishes an objective basis sufficient to sustain its discretionary judgment. See id. at 207-08. To establish an unsustainable exercise of discretion, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case. See id. We defer to the trial court's findings of fact unless they are unsupported by the record or clearly erroneous, and review its legal conclusions, including its interpretation of RSA 597:7-a, III, de novo. See State v. Luwal, 175 N.H. 467, 471 (2022); State v. Sachdev, 171 N.H. 539, 554 (2018).

[¶3] In this case, the defendant has been charged with ten counts of possessing child sex abuse images and one count of transferring a child sex abuse image. See RSA 649-A:3, :3-a (2016). The defendant's pretrial bail order conditioned his release upon his having no contact, direct or indirect, with any child under the age of eighteen other than his own daughter, and with respect

2

to contact with his daughter, the order required the contact to be supervised. At the bail revocation hearing, the State introduced evidence that the defendant attended an outing with his daughter and another child at an establishment that caters to the entertainment of young children, accompanied by another adult who was purportedly there to supervise the defendant's contact with his daughter. The parties traveled to the facility in a single car. Security cameras captured the defendant, at several points, in close proximity to the child who is not his daughter, including times when the other adult was not in the video footage. At one point, the video showed the defendant interacting with the child who is not his daughter. The adult who was present with the defendant testified that on at least one other occasion, she accompanied the defendant and his daughter to a similarly purposed establishment, but asserted that no other children were present.

[¶4] In revoking the defendant's bail order, the trial court determined that his contact with the other child during the outing violated the no-contact-with-minor-children condition of the order, rejecting his argument that the contact was permissible because it did not involve "inappropriate touching . . . or grooming behavior." The trial court reasoned that, in light of the nature of the photographs the defendant is charged with possessing or transferring, the no-contact provision was "probably the most important condition of the bail order," and that the defendant's argument that any violation of this condition required contact that was "inappropriate" would "render that condition meaningless." The trial court further found that the evidence raised "significant concerns about [the defendant's] inability to follow court orders."

[¶5] On appeal, the defendant first argues that the trial court erred by finding clear and convincing evidence that he violated the bail order, asserting that, in light of the "conduct indicating a potential danger to another" language of RSA 597:7-a, III(a)(2), the statute requires that a defendant's conduct "pose[] at least a potential danger to another" in order to constitute a violation of a condition of release in a bail order. We disagree. As the defendant recognizes, under the last antecedent rule of statutory construction, "a modifying clause [in a statute] is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." State v. Brooks, 164 N.H. 272, 292 (2012) (quotation omitted). Here, RSA 597:7-a, III(a)(2) requires a finding of "[c]lear and convincing evidence that the person has violated any other condition of release or has violated a temporary or permanent protective order by conduct indicating a potential danger to another." Nothing in either the text of RSA 597:7-a, III or its context indicates that the clause "by conduct indicating a potential danger to another" was intended to modify the phrase "has violated any other condition of release." Accordingly, we construe the clause "by conduct indicating a potential danger to another" as modifying its last antecedent clause; namely, "has violated a temporary or permanent protective order."

3

[¶6] As the trial court observed, considering the nature of the images the defendant has been charged with possessing or transferring, the no-contact-with-minors condition was critical to the court's decision to release the defendant pending trial. See RSA 597:2, III(a)(1) (allowing restrictive conditions on pretrial release only if the trial court "determines by clear and convincing evidence that release will endanger the safety of that person or the public"). The evidence demonstrates that the defendant violated the provision, traveling in a car with a child who is not his daughter to an outing, and then interacting with that child at the outing. On this record, the trial court's finding, by clear and convincing evidence, that the defendant violated the bail order was neither clearly erroneous nor unsupported by the record. See Sachdev, 171 N.H. at 554.

[¶7] We next address whether the trial court erred by finding that the defendant is "unlikely to abide by any condition or combination of conditions of release." RSA 597:7-a, III(b)(2). Here, the evidence establishes not only that the defendant violated the no-contact-with-minors condition, but also that he did so at an establishment that specifically caters to the entertainment of young children, and thus, at a location where he was likely to come into contact with other minors. Moreover, the evidence establishes that the defendant attended at least one other outing at a different, but similarly purposed, establishment. Under these circumstances, the finding that the defendant is unlikely to abide by conditions of release was neither clearly erroneous nor unsupported by the record. See Sachdev, 171 N.H. at 554.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

4